## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| Chuck Roaste LLC, | ) | **CASE NO. 1:14 CV 1109** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| Reverse Gear, et al., | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Defendant's Motion to Transfer Venue Pursuant to

28 U.S.C. § 1404(a) (Doc. 17).  This is a patent infringement case.  For the reasons that follow,

the motion is GRANTED.

**ANALYSIS**

Plaintiff, Chuck Roaste, LLC, filed this action against defendants, Reverse Gear, LLC

and Call be Bleu, LLC, alleging that defendants' manufacture and sale of certain denim products

infringes on a design patent owned by plaintiff.  From the face of the complaint, it is readily

apparent that all three parties are located in the state of California.  Defendants move the Court

1

pursuant to 28 U.S.C. § 1404(a) to transfer this action to the Central District of California ("California").  Plaintiff opposes the motion.

Upon review, the Court finds that a transfer of this action is warranted.  Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Analysis under Section 1404(a) involves a two-step process.  First, defendant's proposed alternative forum must be a district "where [the action] might have been brought."  28 U.S.C. § 1404(a).  Second, the court must "consider[] the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).  The party seeking transfer has the burden to prove that the balance of convenience is strongly in favor of transfer. *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 947 (S.D. Ohio 2002).

As an initial matter, plaintiff does not dispute that this case could have been brought in California.  Having determined that this requirement is met, the Court must now consider the various factors outlined by the Sixth Circuit in analyzing defendants' request for a transfer of venue.   For the following reasons, the Court finds that a transfer is warranted in this case.

1.  Private interests of the parties

Defendants point to the following facts in support of their argument that the private interests of the parties weigh in favor of transfer:

- All parties reside in California;

2

- The inventor of the patent resides in California;

- All of defendants' documents are located in California;

- All of the witnesses are located in California, and are therefore within the subpoena power of that court; and

- The costs associated with litigating this action in California are significantly less than if this case were to proceed in Ohio.

In response, plaintiff argues that this Court has personal jurisdiction over the defendants. Plaintiff points out that defendants sold products in this jurisdiction. In addition, plaintiff claims that defendants have a number of offices throughout the world and, as such, venue would be proper in a number of jurisdictions. Plaintiff also asks that the Court respect its choice of forum.

Upon review, the Court finds that the private interest factors weigh strongly in favor of transfer. It appears that other than a small number of sales occurring in this state, there is simply no tie to Ohio. All of the parties, witnesses, and documents are located in California. Thus, the witnesses are amenable to service of process in that jurisdiction. Further, the costs associated with litigating this matter will be dramatically less in California as travel expenses will be greatly reduced. It appears that plaintiff's attorney is the only Ohio resident involved in this action. Moreover, although there is thus a strong presumption in favor of a plaintiff's choice of forum, "a plaintiff's choice of forum is given little weight where none of the conduct complained of occurred in the forum selected by the plaintiff." *Keybanc Capital Markets v. Alpine Biomed Corp.*, 2008 WL 828080, at *7 (N.D. Ohio Mar. 26, 2008)(citations and quotations omitted). Virtually none of the alleged misconduct occurred here. On the whole, the balance of the private interests weighs strongly in favor of transfer.

2. Public interests

3

The Court further finds that the public interests weigh in favor of a transfer.  As defendants point out, this jurisdiction's resources should not be spent on a case to which it essentially has no tie.  Moreover, because the primary acts of infringement occurred in California, the citizens of that district have a stronger interest in deciding the outcome of this matter.  Plaintiff offers no argument with regard to the public interest factors.  The Court finds that these factors also weigh strongly in favor of transfer.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Doc. 17) is GRANTED.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 9/25/14

4